# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>             Plaintiff,<br><br>   vs.<br><br>VELASCO, et al.,<br><br>             Defendants. | 1:12-cv-00229-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE<br>(ECF No. 29.)<br><br>ORDER DEEMING PLAINTIFF'S MOTION TO COMPEL TIMELY FILED<br>(ECF No. 30.)<br><br>ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES<br><br>**New Dispositive Motions Deadline:  March 21, 2016** |

## I.     BACKGROUND

Paul Montanez ("Plaintiff") is a Los Angeles County Jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's original Complaint, filed on February 17, 2012, against defendants Sergeant Campbell and Correctional Officer Velasco ("Defendants"), for inadequate medical care in violation of the Eighth Amendment.[1]  (ECF No. 1.)

On February 9, 2015, the Court issued a Scheduling Order establishing deadlines of October 9, 2015 for completion of discovery, and December 21, 2015 for the parties to file pretrial dispositive motions.  (ECF No. 22.)  On October 20, 2015, Plaintiff filed a motion to compel production of documents and responses to interrogatories.  (ECF No. 30.)  The motion to compel is pending.

---

[1] On August 8, 2014, the Court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a § 1983 claim.  (ECF No. 12.)

1

On October 20, 2015, Plaintiff filed a motion for extension of the discovery deadline. (ECF No. 29.)  On October 29, 2015, Defendants filed an opposition to the motion.  (ECF No. 30.)  On November 25, 2015, Plaintiff filed a reply to the opposition.  (ECF No. 33.)  Plaintiff's motion for extension of the discovery deadline is now before the Court.

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.,</u> 975 F.2d 604, 609 (9th Cir. 1992).   To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  <u>Id.</u>  The Court may also consider the prejudice to the party opposing the modification.  <u>Id.</u>  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify.  <u>Zivkovic v. Southern California Edison, Co.,</u> 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the Court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Plaintiff requests an extension of the discovery deadline to allow time for resolution of his motion to compel.  In opposition, Defendants argue that an extension of the discovery deadline is unnecessary for resolution of the motion to compel, and Plaintiff has not indicated that he needs additional time to submit additional discovery requests or take depositions. Defendants also argue that both parties had sufficient time to complete discovery, and Plaintiff has already served written discovery including requests for production of documents and interrogatories upon both Defendants.  Plaintiff replies that the discovery deadline should be extended to allow Defendants to respond properly to the requests for production of documents and interrogatories served by Plaintiff.

### Discussion

The Court finds no immediate need to modify the Scheduling Order to allow time for resolution of the motion to compel.  The discovery deadline of October 9, 2015 was established "for the completion of all discovery, including the *filing* of motions to compel discovery."

(ECF No. 22 at 2 ¶7 (emphasis added)).  Plaintiff's motion to compel was timely filed,[2] and it is not necessary for the motion to compel to be *resolved* before the discovery deadline expires. Therefore, the Court finds no good cause to extend the discovery deadline, and Plaintiff's motion shall be denied.

However, the Court finds good cause to extend the dispositive motions deadline.  In light of the fast approach of the deadline, and the fact that Plaintiff's motion to compel is pending, the deadline for the parties to file pretrial dispositive motions shall be extended from December 21, 2015 to March 20, 2015.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to extend the discovery deadline, filed on October 20, 2015, is DENIED;

2.    Plaintiff's motion to compel, filed on October 20, 2015, is deemed timely filed; and

3.    Good cause appearing, the deadline for the parties to file pretrial dispositive motions is EXTENDED from December 21, 2015 to **March 21, 2016**.

IT IS SO ORDERED.

Dated:    **December 15, 2015**                    /s/ _Erica P. Grosjean_
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants argue that Plaintiff's motion to compel was untimely filed, because the motion was filed with the Court on October 20, 2015, after the expiration of the October 9th discovery deadline.  Plaintiff argues that he timely submitted the motion to compel under the mailbox rule.  Based on the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's Court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the Court Clerk.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009.)  Here, Plaintiff's signature on the motion to compel is dated October 8, 2015, and Plaintiff asserts that he timely handed the motion to Deputies on October 8, 2015 for legal process and mailing, prior to the October 9th deadline.  (ECF Nos. 30:11, 33:17-18.)  The Court finds Plaintiff's evidence sufficient to deem the motion to compel timely filed.

3